## CLARK v. BIRDSEY.

(Court of Appeals of District of Columbia. Submitted January 18, 1926. Decided February 1, 1926.)

No. 1817.

1. **Patents** ⚖109—Motion to amend application after taking of testimony as to reduction to practice held properly denied.

Motion to amend application to carry back alleged date of reduction to practice to date prior to opponent's filing date, not made until after taking of testimony was completed, held properly denied.

2. **Patents** ⚖91(4)—Evidence held to establish priority of conception of patent for improved edge for plaster board.

Evidence held to establish priority of conception of patent for improved edge for plaster board.

3. **Patents** ⚖91(3)—Evidence of priority of conception held not so doubtful as to be inadequate to support finding.

Testimony of witnesses, who, seven years after alleged disclosure, from memory reproduced sketch of what was disclosed to them, held not so doubtful as to be inadequate to support finding of priority, in view of simplicity of patent involved.

Appeal from the Commissioner of Patents.

Interference proceeding between Sidney C. Clark and Charles R. Birdsey. From a decision for the latter, the former appeals. Affirmed.

C. E. Mehlhope and C. H. Poole, both of Chicago, Ill., for appellant.

W. C. Jones, A. A. Olson, and A. B. Seibold, all of Chicago, Ill., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. This is an interference proceeding involving priority of invention to an improved edge for plaster board. The counts of the issue describe a board having the opposite edges thereof covered or partially covered by the infolded edge of the papers forming the face covering of the finished board. Prior to this discovery, the board was produced with the sheet on one side of the board of sufficient width to fold over the edge of the plastic material composing the board. This, however, was a cumbersome, expensive, and unsatisfactory method. In the present device, the extreme edge of each covering sheet is folded over a part of the edge of the plastic material and embedded in the mass substantially midway of the side faces thereof.

The party Birdsey filed his application January 2, 1920, and a patent was issued to him November 9, 1920. The party Clark, in company with one Griswold, filed their joint application July 31, 1920. This application was pending at the time the Birdsey patent was issued. During the taking of the testimony on behalf of Clark and Griswold, it appeared that they did not jointly conceive the invention. Thereupon Clark filed a separate application, which was, by proper proceedings, substituted for the joint application.

[1] In their preliminary statement, Clark and Griswold alleged conception and disclosure as of January 18, 1918, and reduction to practice January 10, 1920. Birdsey alleged conception and disclosure in July of 1914, and reduction to practice December 1, 1917. It will be observed that the date of reduction to practice alleged by Clark is subsequent to the filing date of Birdsey. Birdsey, therefore, being prior in reduction to practice on the face of the record, the case is reduced to a contest as to priority of conception and disclosure. Clark attempted to amend his preliminary statement, so as to carry back his alleged date of reduction to practice from January 10, 1920, to December 22, 1919; that is, from a date subsequent to Birdsey's filing date to a date prior thereto. This motion was not made until the taking of the testimony had been completed. It was therefore properly denied by the Examiner.

[2, 3] The case turns entirely upon the testimony of three witnesses. If their testimony is to be credited, Birdsey has established a date long prior to any date claimed by Clark. Birdsey testified that in July of 1914 he was at the plant of the United States Gypsum Company, then under construction at Oakfield, N. Y., and that he conceived and disclosed this invention to one Nold and one Butler. These three gentlemen were all officers of the company. The Examiner of Interferences awarded Birdsey a date of conception of July, 1915. He based his holding upon the testimony of Nold, Butler, and Payne, each of whom testified that Birdsey disclosed the invention to them and made samples and sketches, which were not preserved. On the witness stand, however, each of these witnesses reproduced pencil sketches of what was disclosed to them by Birdsey. It is contended by counsel for Clark that the ability of these witnesses from memory to reproduce on paper these sketches, seven years after the event, is so doubtful as to render the testimony inadequate to support the alleged conception and disclosure of the party Birdsey.

This contention might have some force, if the invention consisted of a complex mechanism, such as would tend to confuse the memory of the witness, but the invention here in issue is a very simple one. It merely consists of turning the edges of the layers of paper on the sides of the board over the edge and into the plastic material in such a manner as to cover and seal up the edges. We think that the impression made upon the minds of these witnesses by the disclosure of Birdsey could be easily retained and readily reproduced, as was done by these witnesses on the witness stand.

The tribunals of the Patent Office found no difficulty in accrediting the testimony of these three witnesses, and in this we think, from a review of the testimony, they were fully warranted.

The decision of the Commissioner is affirmed.